The first case this morning is Kerry Carter v. Kmart Stores. Mr. Smith, if you'd like to proceed, please do so. Good morning. May it please the Court, Counsel. My name is Brian Smith. I'm the legal counsel for the plaintiff in this case, Kerry Carter, and her little girl, Mads. This is a case about baby formula. The plaintiff has alleged that the defendant manufactured, distributed, and sold baby formula that caused Madison to experience constant bouts of irritable bowel syndrome. That's what this case is about. We're not going to get to any of those facts today. This case was dismissed by the trial court under Rule 219C as a sanction against the plaintiffs, and so that's what we're here to talk about. Rule 219C provides that the circuit court can dismiss with or without prejudice. Where a party unreasonably fails to comply with rules or orders of the court, such sanctions are largely a matter within the court's discretion. But the purpose of such a sanction, according to case law in the U.S. Supreme Court, is to coerce compliance with discovery rules and orders and not to punish deliatory parties. A just order of sanction under Rule 219C is one which ensures discovery as well as a trial on the merits, that according to our Supreme Court in Szymanowski v. General Motors. So in order to determine whether the trial court abuses its discretion in a Rule 219C dismissal, a reviewing court looks at all the criteria upon which the trial court revealed in making its determination. So that's where we are. We're looking at the criteria that the trial court in this case used to dismiss the plaintiff's action. And in doing so in this case, it's clear that based on the record, the trial court absolutely abused its discretion in dismissing this case with prejudice. What was the conduct that gave rise to the dismissal in this case? Well, the record shows that the – and first of all, this is a case that was filed, and as cases sometimes go, there were continuances and extensions sought by both parties. The record shows that the plaintiff sought continuances and extensions with respect to discovery deadlines every time that it was needed or very, very close within. The record doesn't show that the plaintiff simply ignored or disregarded any deadlines or orders of the court. It sought continuances and sought those in good faith, and those were granted. The record also shows that it wasn't just the plaintiff, but it was the defendant that also sought continuances. And my point is not to cast aspersions upon the defendant or his motivations – or their motivations for seeking continuances. The point is, in this case, for a whole host of reasons, things were delayed, continuances were sought and granted, and that's what set up – what set up the dismissal here. The record shows that the trial court was extremely frustrated, and Judge Schwartz in Jackson County – I believe he's one of the only judges who keeps his own docket, and he likes to keep things moving. I know this from practice before him. And his frustration was pretty evident in a docket entry June of – excuse me – last year where he said, and I'm quoting yet again, there's a motion to continue the trial of this case. The court doubts the desire by the party to trial the case. And Judge Schwartz entered an order that continued the case generally. And that's what the plaintiff was reliant upon when that order came down. Looking at what the record doesn't show, the record doesn't show any deliberate, contumacious, or unwarranted disregard for the court's authority. And that is the standard that we're looking at when it comes to dismissal under Rule 219C. Deliberate, contumacious, which I had to look up both the pronunciation and the definition, a rebellious sort of nature, unwarranted disregard for the court's authority. In fact, the opposite is true. The plaintiff sought continuances where necessary, and in good faith relied on the court's general continuance issued in this case. And that's the standard, deliberate, contumacious, and unwarranted disregard for the court's authority. And again, the purpose is to expedite discovery and not to punish litigants. The court could have declined – the trial court could have declined any or all of the continuances that were sought by the plaintiff or the defendant if it felt that the plaintiff or the defendant were acting in such a way as to demonstrate deliberate, contumacious, or unwarranted disregard for the trial court's authority. Instead, out of frustration, the trial court dismissed the case. And I'm not about to stand here and give you the impression that we were completely justified in all of these continuances. I mean, we sought these continuances in good faith. We could have probably moved this case along better. Once I got into this case and reviewed the record, I agree with the defendant. This case on both sides could have been pursued faster and better. The problem is the record just doesn't support dismissal under Rule 219C. The cases are clear that dismissal for far less egregious conduct has been found to have been an abuse of discretion by the trial court. And we cited a couple of cases, and I won't go through all of those, but the Walton v. Throgmorton case is, I think, a pivotal case here. It's a Fifth District case. In that case, the trial court referred to the entire action as, and I'm quoting here, a vexatious, frivolous action being pursued without any desire to get to the merits. In that case, I believe that a motion to continue was filed, which the trial court referred to as completely lacking in fact. And in the court there, the Fifth District says, I'm quoting again, we recognize from the record that the trial court and defense counsel were frustrated by the delays that prevented this cause from moving along in a reasonable manner. But we must not allow personal frustration alone to be the cause for dismissal. And I would submit to you that based on the record, there is an unwarranted, stubborn, disobedient, rebellious, consummationist conduct on the part of the plaintiff. But there is frustration on the part of the trial court. There's frustration on the part of the defendant. That is not the standard for Rule 219C, dismissal with prejudice. Instead of upholding the purpose of 219C, which is, again, to ensure discovery and a trial on merits, trial court used 219C as a weapon, as a way to punish the plaintiff. And that's the very definition of an abuse of discretion. And it's denied massive part of redating courts. So based on the foregoing, we would respectfully request that this court reverse the trial court and its order dismissing this case with prejudice. Thank you. Thank you. Counsel, are you ready? Yes, ma'am. Would you please proceed? Ma'am, please support Anthony Anscombe of Sedgwick LLP on behalf of Meade Johnson, which is the defendant in the appellee in the case. The trial court's decision should be affirmed for two airtight reasons. The first of which is that the plaintiff never opposed Meade Johnson's motion to dismiss pursuant to 219C. It was obligated under local rule to respond within 10 days of the motion. The court granted the motion four months later with no opposition on the fine. Second, the trial court's decision was not an abuse of discretion. The record in this case is replete with instances of missed deadlines, failure to adhere to repeated court orders, evidence, unrefuted evidence that the case lacked merit, and on the day that the action was dismissed, it was no closer to being ready to be tried than it had been on the day that it was first filed. If the case lacked merit, is that a ground for dismissal under 219C? Your Honor, I believe that lack of merit should be something that the court considers in terms of whether the court can go anywhere on the merits. What we have here, specifically, Your Honor, is first the plaintiffs failed to adhere to a court-ordered deadline for request for admissions, which were dispositive, and then the only deadline for expert disclosure that the plaintiffs ever met was the October 9, 2009, deadline for submitting an expert report. They submitted an expert report by Dr. Millinchuk, which directly refuted the merit of their claim. You would probably rather be here on a motion when the court would have granted your summary judgment a month later or something of that nature, as opposed to, I mean, you're happy to be here either way, I know that. That's true, Your Honor. But many of your arguments in your brief, which are strong, seem to go more to a summary judgment. Your Honor, a summary judgment, I believe, would have been viable here. I anticipated that where we, in front of the court of summary judgment, that we would listen to more of the same, but the other side would need more opportunities to obtain expert reports. The fact of the matter is, is that none of this, in this case, happened on a clean slate. This was a refiled action. The trial court had in front of it the indication that this action was originally filed in 2003. It kicked around for three years, went nowhere, and then when it was refiled in October of 2007, it was more of the same. We spent a number of months trying to get the venue of the matter transferred. When we finally wound up in Jackson County, we immediately directed discovery to the other side, interrogatories, requests for production. They didn't respond to that. We filed a motion to compel. The motion to compel was granted. Plaintiffs did not respond by the court-ordered deadline. And when they did get around to responding approximately a month after the court-ordered deadline, they didn't respond to the 213-F1 or F2 interrogatories that we directed. That was true at that time, and it was also true the day that the court dismissed this complaint in October of 2010. We had the first case management order. The plaintiffs filed this one expert declaration which refuted their case. They asked for an additional three weeks. They didn't respond. And on November 16th, I'm afraid this didn't make it into the supplemental appendix, but the second case management order was the result of a request that the plaintiffs sent to the court asking to have all of the dates rescheduled. That appears in the record at 249 and 250 of the clerk's transcript. The two dates that were then set, the second and the third case management orders, they set trial dates that we could not manage for what I believe were good reasons. Compliance with local rule, we immediately moved to put those dates off. And so it was the fourth case management order was really the operative report for the operative order. That gave the plaintiffs a deadline of March 5th for their expert disclosures. They missed that deadline. They asked for another month. They got until April 5th. April 5th came and went with no sign of any additional expert reports. Remember, these are the expert reports that in October they said they wanted an extra three weeks for. And by the middle of June, we filed our motion, which the plaintiffs did not oppose. As of the date that the case was dismissed, the plaintiffs had not filed any opposition. They were in violation of the order of the preceding year for their 213-F1, 213-F2s, and the court's order which vacated the trial date. Appellant keeps referring to it as a general continuance. It was, in fact, simply a vacation of the trial date. There was nothing in that order that excused compliance with any of the orders that the court had previously granted. Now, with respect to the first reason why this court should affirm, the plaintiffs have asserted nothing here today in their appeal that they could not have asserted in opposition to the original motion. They let that motion sit, and therefore Illinois law is ironclad on this. You can't wait for a motion for reconsideration to raise arguments that could have been raised in opposition to the underlying motion to dismiss. In terms of the abuse of discretion, I won't belabor this any more than I have, but district courts need to have the ability to control their own dockets. The trial judge in this case was very understanding up to a point and in many instances granted the plaintiff's motions to continue without having any good cause before. During all of this, the plaintiffs never came forward with good cause for a single continuance that they saw. But at the end of the day, cases have to go forward, and after seven years of futility, this case was no further along than it had been before. The plaintiffs and the appellant cite the Walton case. The Walton case certainly does not stand for a proposition that you can repeatedly ignore court orders. The amount of delay in that case was very much less than what was in existence here. That case from beginning to end was probably a year, a year and a half, something like that. Here we're looking at seven years of futility. In Illinois, under 735 ILCS 5-1-106, litigants are entitled to a speedy resolution of their claims. That absolutely did not happen here, and the court's decision, which it described and set forth in significant detail, justified the result. With respect to this issue of frustration, yes, frustration can happen, but this reminds me a little bit of the statement on the hypochondriac's tomb, see, I told you I was sick. Here, there may have been frustration, but frustration is not the reason for the dismissal. The reason for the dismissal was the violation of the court orders. Thank you. Any rebuttal? I am not suggesting that this case is a perfect laboratory case for a trial advocacy course. Litigation gets delayed sometimes, and continuances are sought sometimes. What I am suggesting is, based on the record, there is no unwarranted, contumacious disregard for the court's authority, and Rule 219C, that's the standard. It's not merits of the case. It is whether the party has engaged in that sort of disregard for the court's authority. We would respectfully submit that the plaintiff has not, and that the trial court's order should be reversed. Do you want to address his argument that arguments that were made for the first time on a motion to reconsider are waived? Judge, yes, I respectfully disagree with that. The cases that he cited in his brief were all cases that had to do with adding additional evidence in a motion to reconsider. It wasn't, and that's not what happened here. We didn't raise anything new in our motion to reconsider. We simply stated what was in the record and pointed out that the trial court's application of Rule 219C was wrong. In the cases that the defendant cited, you've got additional pieces of evidence, documentary evidence, claims of mental incapacity, and no such thing happened in this case. So I would respectfully submit that it's different here. Okay. Thank you. Thank you. We want to thank both of you for your argument and for making the trip from Chicago, and we'll get to ruling as quick as we can. Thank you very much.